IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE JP MORGAN CHASE & CO. SECURITIES LITIGATION<br><br>This Document Relates to:<br><br>*Blau v. Harrison,* et al., No. 04 C 6592<br><br>*Hyland v. Harrison,* et al. No. 06 C 4675<br><br>*Hyland v. J.P. Morgan Securities, Inc.,* No. 06 C 4676 | MDL No. 1783<br><br>Master Docket No. 06 C 4674<br><br>Judge David H. Coar<br><br>Magistrate Judge Martin C. Ashman |

**JOINT MOTION FOR PRELIMINARY APPROVAL
OF PROPOSED CLASS ACTION SETTLEMENT**

1. Plaintiffs in this multi-district litigation have reached a global settlement agreement (the "Settlement") with defendants William B. Harrison, Jr., Hans W. Becherer, Riley P. Bechtel, Frank A. Bennack, Jr., John H. Biggs, Lawrence A. Bossidy, M. Anthony Burns, James Dimon, Ellen V. Futter, William H. Gray, III, Helene L. Kaplan, Lee R. Raymond, John R. Stafford, JPMorgan Chase & Co. ("JPMC"), and J.P. Morgan Securities, Inc. ("JPMSI"), providing for corporate governance reforms specifically tailored to address the particular types of proxy disclosure and accountability issues in the constituent actions in exchange for a release of all claims and the dismissal of the actions with prejudice. Accordingly, the parties jointly move for an order:

    a.     conditionally certifying a class under Federal Rule of Civil Procedure 23(b)(2), solely for purposes of the Settlement, consisting of all persons who held shares of JPMC common stock at the close of business on April 2, 2004, the record date for voting in the 2004 merger of JPMC and Bank One Corporation ("Bank One") (the "Settlement Class");

    b.    preliminarily approving the Settlement embodied in the Stipulation of Settlement ("Stipulation"), annexed as Exhibit A, and the Preliminary Approval Order, annexed as Exhibit B;

    c.    directing that notice of the Settlement ("Notice") be disseminated to the Settlement Class in the manner set forth in paragraphs 8 and 9 of the Stipulation, and in the proposed form of the Notice annexed as Exhibit C;

    d.    scheduling a Final Settlement Hearing to determine:

        (i)    whether final approval shall be given to the Settlement as fair, reasonable and adequate to the Settlement Class under Federal Rule of Civil Procedure 23(e);

        (ii)    whether the separate applications of plaintiffs' counsel in *Blau* and the *Hyland* actions for attorneys' fees and expenses[1] shall be approved under Federal Rule of Civil Procedure 23(h); and

        (iii)    whether Dr. Stephen Blau, lead plaintiff in *Blau v. Harrison*, shall be awarded costs and expenses under the PSLRA, 15 U.S.C. § 78u-4(a)(4).

2.    The parties to the Settlement respectfully suggest that if the Preliminary Approval Order is entered by the Court on July 2, 2008, the following dates could reasonably be inserted in the Preliminary Approval Order to give notice to the Settlement Class and to schedule further proceedings with respect to the Settlement:

    a.    Date for publication of notice: On or before July 11, 2008.

    b.    Deadline for members of the Settlement Class to object to the Settlement or to the separate applications of plaintiffs' counsel in *Blau* and the *Hyland* actions for attorneys' fees and expenses, and an award to lead plaintiff in *Blau* (collectively, the "Fee Applications"): October 1, 2008.

    c.    Deadline for filing papers in support of the Fee Applications: August 27, 2008.

    d.    Deadline for filing defendants' papers in opposition to the Fee Applications: September 19, 2008.

---

[1] Plaintiff's counsel in *Blau* and the *Hyland* actions will file separate fee and expense applications, as follows: in *Blau*, for attorneys' fees not to exceed $7.5 million, and, in the *Hyland* actions, for attorneys' fees not to exceed $3.6 million, or up to $11.1 million in total; (2) in *Blau*, reimbursement of expenses of up to $415,000, and in the *Hyland* actions, expenses of up to $20,000, or up to $435,000 in total.

    e.  Deadline for filing papers in support of the Settlement and final papers in support of the Fee Applications:  October 9, 2008.

    f.  Final Settlement Hearing:  at the Court's convenience on or after October 16, 2008.

  3.  The three constituent cases in this multi-district litigation – *Blau v. Harrison*, which was filed in this District on October 14, 2004;[2] and *Hyland v. Harrison* and *Hyland v. J.P. Morgan Securities, Inc.*, which were transferred by the Judicial Panel of Multidistrict Litigation from the District of Delaware to this District on August 24, 2006[3] – assert claims under Sections 14(a) and 20(a) of the Securities Exchange Act for defendants' alleged failure to disclose material facts in the proxy statement soliciting votes for the JPMC/Bank One merger. Specifically, plaintiffs allege that defendants negligently failed to disclose that, during the merger negotiations, William B. Harrison, the then-CEO of JPMC, rejected an offer from James Dimon, the then-CEO of Bank One, to structure the deal as a stock-for-stock, zero premium transaction if James Dimon could become the CEO of the combined company immediately upon completion of the merger. On March 24, 2006, Judge William J. Hibbler of this District denied in part and granted in part defendants' motion to dismiss in *Blau v. Harrison*,[4] and, on December 18, 2007, this Court denied in part and granted in part defendants' motion to dismiss the consolidated *Hyland* action.[5]

---

[2] *See* 04 C 6592 Dkt. 1. The operative complaint in *Blau* is dated April 10, 2006. Dkt. 102. Defendants filed their answer on May 15, 2006. Dkt. 113.

[3] *See* 06 C 4674 Dkt. 1. Plaintiffs in the *Hyland* actions filed a consolidated amended complaint on September 25, 2006. *See* 06 C 4675 Dkt. 125. The consolidated complaint in the *Hyland* actions asserts additional claims under Section 10(b) of the Securities Exchange Act and state law.

[4] *Blau v. Harrison*, 04 C 6592, 2006 U.S. Dist. LEXIS 19795 (N.D. Ill. Mar. 24, 2006).

[5] *In re JPMorgan Chase & Co. Sec. Litig. (Hyland v. Harrison)*, 06 C 4674, 2007 U.S. Dist. LEXIS 93877 (N.D. Ill. Dec. 18, 2007).

4. In addition to engaging in substantial motion practice, plaintiffs conducted an exhaustive investigation and studied discovery obtained over the course of more than two years, including reviewing more than 445,000 pages of documents, propounding and responding to numerous written discovery requests (including third-party discovery), presenting and litigating numerous discovery motions and taking the depositions of multiple current and former employees of JPMC. After testing plaintiffs' claims through discovery and conducting an in-depth analysis, informed by legal and factual research, of the likelihood of establishing liability and recovering damages at trial, plaintiffs concluded that entering into the Settlement best served the interests of the Settlement Class.

5. Throughout the litigation, defendants consistently denied, in their answer, interrogatory responses and deposition testimony, that Mr. Dimon ever made an offer to merge the companies without a premium if he could assume the CEO position upon the closing of the Merger. Later, as part of confirmatory discovery obtained by plaintiffs as a condition of the Stipulation, Messrs. Dimon and Harrison both testified under oath that no such offer was made during the merger negotiations. Defendants steadfastly refused to consider any settlement providing for any monetary consideration to the class. Against this backdrop, the parties in *Blau v. Harrison* began to consider the possibility of a corporate governance settlement, and, on December 7, 2007, entered into a settlement agreement under which JPMC agreed to adopt certain corporate governance measures (to be described further below). Subsequently, after participating in an arms-length mediation, the parties in *Hyland* agreed to settle their claims on terms substantially the same as the *Blau* settlement, with certain modifications, including confirmatory discovery. The tri-partite Stipulation was signed on March 5, 2008. *See* Ex. A.

6.      The Settlement is in the best interests of all parties and the Settlement Class. It sets forth corporate governance measures that are narrowly tailored to address the types of disclosure and accountability issues at the core of this litigation by providing for: (i) early and meaningful oversight by the board of directors of JPMC, or a designated committee composed of independent board members, of any negotiations by the CEO of JPMC of potentially material corporate transactions requiring shareholder approval; and (ii) meaningful board involvement in the preparation of any proxy statements (including, specifically, the "Background of the Merger" section of the proxy, which typically describes the history of the negotiations leading up to such transactions). These governance measures are to stay in effect for four years, subject to certain conditions, and, during the final year they are in effect, the board's corporate governance committee, which is comprised only of non-management directors, is to decide whether to recommend they be kept in place longer. While the Settlement does not provide for a monetary payment to the Settlement Class, plaintiffs' counsel will introduce the opinions of corporate governance experts that such measures confer a benefit to the Class.

7.      This Court should provisionally certify the Settlement Class because it meets all of the requirements of Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(c)(1)(B). The Stipulation provides that, for the sole purpose of implementation, approval, and consummation of the Settlement, the parties will jointly request the Court to approve the certification of the Settlement Class, comprised of all holders of JPMC stock on April 2, 2004, as a class pursuant to Rule 23(b)(2), with lead plaintiffs in *Blau*[6] and *Hyland* appointed as representatives of the Class ("Class Representatives").

---

[6] The class certification motion in *Blau* is *sub judice*.

8. Defendants do not dispute that the numerosity, commonality, typicality and adequacy requirements of Rule 23(a) are met, and court-appointed lead counsel in *Blau* and *Hyland* meet the adequacy requirements of Rule 23(g). Accordingly, the Court should find that:

    (a) over 2 billion shares of JPMC common stock were held by over one-hundred thousand geographically dispersed individuals and entities on April 2, 2004, the record date for voting on the 2004 merger of JPMC and Bank One (the "Record Date"), and thus the members of the Settlement Class are so numerous that joinder of all members of the Settlement Class is impracticable;

    (b) Common questions of law and fact exist as to all members of the Settlement Class and predominate over questions solely affecting individual class members. Among the questions of law and fact common to the class are:

        (i) the merits of the allegations in the complaints;

        (ii) whether the proxy statement disseminated by defendants to the Settlement Class in connection with the Merger misrepresented and/or omitted material facts concerning the Merger negotiations, as alleged in the complaints; and

        (iii) whether the federal securities laws were violated by defendants' acts as alleged.

    (c) Class Representatives held shares of JPMC common stock on the Record Date and thus their claims are typical of the claims of the Settlement Class, and are not subject to any unique defenses;

    (d) Class Representatives and their counsel have fairly and adequately represented and protected the interests of all of the members of the Settlement Class.

9. Certification of a class under Rule 23(b)(2) is warranted where "final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Here, the Settlement requires JPMC to adopt and implement corporate governance procedures which apply generally to the class as a whole, and accordingly certification of the Settlement Class under Rule 23(b)(2) is proper. In addition, Rule 23(c)(1)(B) is satisfied because the Preliminary Approval Order identifies the claims of the Settlement Class. For purposes of the Settlement, the Court should provisionally appoint lead counsel in *Blau* and

6

*Hyland* class counsel ("Class Counsel") for the Settlement Class pursuant to Rule 23(g).

10. The Court should preliminarily approve the Settlement because the applicable requirements of Federal Rule of Civil Procedure 23(e) are satisfied. The parties: have asked the Court to direct notice in a reasonable manner to all class members in accordance with Rule 23(e)(1); have asked the Court to hold a Final Settlement Hearing in accordance with Rule 23(e)(2); have filed this motion identifying the Stipulation which embodies the Settlement in accordance with Rule 23(e)(3); and have provided for any class member to object to the Settlement at the Final Settlement Hearing in accordance with Rule 23(e)(5). Finally, the Settlement is well within the range of what might ultimately be found fair, reasonable and adequate to the Settlement Class.

11. The form and content of the proposed Notice (Ex. C) should be approved because: (a) it identifies the actions that have been settled (subject to Court approval) and the parties to each of those actions; (b) describes the Settlement Class; (c) provides a summary of plaintiffs' claims and the terms of the Settlement; (d) gives notice of: (i) the date and location of the Final Settlement Hearing, (ii) the matters that will be considered at the hearing; (e) identifies where documents relating to the Settlement will be available for review by members by the Settlement Class; and (f) informs members of the Settlement Class of their right to object to the Settlement and/or the granting of any award of fees and expenses to Class Counsel, or an award to lead plaintiff in *Blau* to recover costs and expenses, and the procedures for timely presenting their objections to the Court. The parties submit that the Court should exercise its discretion and find that the form and content of the Notice to the Settlement Class is appropriate under Rule 23(c)(2)(A), which provides that for "any class certified under Rule 23(b)(1) or (b)(2), the court may direct appropriate notice to the class." Fed. R. Civ. P. 23(c)(2)(A).

7

12. The manner of dissemination of the proposed Notice should be approved under Federal Rule of Civil Procedure 23(e)(1), which provides that, where a proposed settlement is presented to a court for approval, the "court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). Pursuant to the notice program in paragraphs 8 and 9 of the Stipulation (Ex. A), the parties intend to give notice of the Settlement to the public by (i) Class Counsel's publishing the Notice in Business Wire, (ii) JPMC's publishing the Notice in the national and local editions of the *Wall Street Journal,* the *New York Times,* and the *Financial Times,* (iii) JPMC's including the Notice in a corporate filing with the Securities and Exchange Commission, which shall also be posted on JPMC's corporate website; and (iv) Class Counsel's posting the Notice in a dedicated section of their respective web sites related to this litigation. Because the Settlement provides an equitable benefit and does not include a common fund, there are no claim forms or exclusion forms to distribute to the members of the Settlement Class. Under the circumstances, the parties concluded that the extraordinary cost of mailing notice to the holders of over two billion shares of JPMC was not warranted. The parties submit that the method of providing notice to the Settlement Class under Rule 23(b)(2) is reasonable.

13. As set forth above, Class Counsel will file papers in support of the Settlement, and their Fee Applications, 7 days prior to the Final Settlement Hearing.

14. For the reasons above, the parties request that the Court enter the Preliminary Approval Order annexed as Exhibit B, and schedule a Final Settlement Hearing at which members of the Settlement Class may be heard on the fairness of the Settlement.

DATED:  June 23, 2008                                    Respectfully submitted,

                                                       **WOLF HALDENSTEIN ADLER**
                                                         **FREEMAN & HERZ LLC**

                                                       /s/  Adam J. Levitt
                                                       Adam J. Levitt
                                                       55 West Monroe Street, Suite 1111
                                                       Chicago, Illinois  60603
                                                       Tel:  (312) 984-0000
                                                       Fax:  (312) 984-0001
                                                       email:  levitt@whafh.com

                                                       **WOLF HALDENSTEIN ADLER**
                                                       **FREEMAN & HERZ LLP**
                                                       Jeffrey G. Smith
                                                       Demet Basar
                                                       Kate McGuire
                                                       270 Madison Avenue
                                                       New York, New York 10016
                                                       Tel: (212) 545-4600
                                                       Fax: (212) 545-4653
                                                       email:  basar@whafh.com

                                                       *Lead Counsel for Plaintiff*
                                                       *in Blau v. Harrison*


                                                       /s/  Joseph N. Gielata
                                                       **JOSEPH N. GIELATA**
                                                       **ATTORNEY AT LAW**
                                                       501 Silverside Road, No. 90
                                                       Wilmington, Delaware 19809
                                                       Tel: (302) 798-1096

                                                       *Lead Counsel for Plaintiffs in*
                                                       *Hyland v. Harrison and*
                                                       *Hyland v. J.P. Morgan Securities, Inc.*

/s/  Kathleen L. Roach
Kathleen L. Roach
Courtney A. Rosen
Matthew B. Kilby
**SIDLEY AUSTIN LLP**
1 S. Dearborn
Chicago, Illinois 60603
Tel: (302) 853-7000

-and-

Sharon L. Nelles
Suhana S. Han
Kelly Helt
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, New York 10004
Tel: (212) 558-3712

*Counsel for Defendants*

513222