

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE JP MORGAN CHASE & CO. SECURITIES LITIGATION | MDL No. 1783 |
| | Master Docket No. 06 C 4674 |
| This Document Relates to: | Judge David H. Coar |
| *Blau v. Harrison*, et al., No. 04 C 6592 | Magistrate Judge Martin C. Ashman |

## PRELIMINARY APPROVAL ORDER

The parties in this multi-district litigation have reached a global settlement agreement (the "Settlement") and have jointly moved for preliminary approval of the Settlement embodied in the Stipulation of Settlement, dated as of March 5, 2008 (the "Stipulation"). Upon consideration of the Stipulation and the parties' joint motion seeking preliminary approval of the Settlement, and all prior proceedings had herein,

**IT IS HEREBY ORDERED:**

1.  Capitalized terms used herein have the same meaning as they are given in the Stipulation.

2.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, only for purposes of effectuating the Settlement, a Settlement Class consisting of all holders of the stock of JP Morgan Chase & Co. ("JPMC") on April 2, 2004, the record date for voting on the merger ("Merger") between JPMC and Bank One Corporation ("Bank One"). For purposes of the Settlement, lead plaintiffs in *Blau v. Harrison*, No. 04 C 6592 (N.D. Ill.) (Coar, J.) and in the consolidated *Hyland* actions, Nos. 06 C 4675 and 06 C 4676 (N.D. Ill.) (Coar, J.) are

provisionally appointed as representatives of the Settlement Class ("Class Representatives"), and, pursuant to Federal Rule of Civil Procedure 23(g), lead counsel in the *Blau* and *Hyland* actions are provisionally appointed class counsel ("Class Counsel") for the Settlement Class.

3. With respect to the Settlement Class, this Court finds for purposes of effectuating the Settlement that:

(a) over 2 billion shares of JPMC common stock were held by over one-hundred thousand geographically dispersed individuals and entities on April 2, 2004, the record date for voting on the Merger of JPMC and Bank One (the "Record Date"), and thus the members of the Settlement Class are so numerous that joinder of all members of the Settlement Class is impracticable;

(b) Common questions of law and fact exist as to all members of the Settlement Class and predominate over questions solely affecting individual class members. Among the questions of law and fact common to the class are:

(i) the merits of the allegations in the complaints;

(ii) whether the proxy statement disseminated by defendants to the members of the Settlement Class in connection with the Merger misrepresented and/or omitted material facts concerning the Merger negotiations, as alleged in the complaints; and

(iii) whether the federal securities laws were violated by defendants' acts as alleged.

(c) Class Representatives held shares of JPMC common stock on the Record Date and thus their claims are typical of the claims of the Settlement Class, and are not subject to any unique defenses;

(d) Class Representatives and Class Counsel have fairly and adequately represented and protected the interests of all of the members of the Settlement Class; and

(e) certification of the Settlement Class as a non-opt-out settlement class under Federal Rule of Civil Procedure 23(b)(2) is warranted, because the Settlement requires JPMC to adopt and implement corporate governance procedures which apply generally to the class as a whole. Fed. R. Civ. P. 23(b)(2) (providing for certification of a class where "final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a

whole.")

4. The Court preliminarily approves the Settlement, as set forth in the Stipulation, as fair, reasonable and adequate as to the members of the Settlement Class, subject to further consideration at the Final Settlement Hearing described below.

5. A hearing (the "Final Settlement Hearing") shall be held before this Court on October 30, 2008 at 10:00 a.m., before the Honorable David H. Coar, United States District Judge, at the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, Courtroom 1419, 219 South Dearborn Street, Chicago, Illinois, to determine whether: (a) final approval shall be given to the Settlement as fair, reasonable and adequate to the Settlement Class under Federal Rule of Civil Procedure 23(e); (b) the separate applications of plaintiffs' counsel in *Blau* and the *Hyland* actions for attorneys' fees and expenses[1] shall be approved under Federal Rule of Civil Procedure 23(h); and (c) an award under the PSLRA, 15 U.S.C. § 78u-4(a)(4), shall be paid to Dr. Stephen Blau to recover costs and expenses.

6. The Court approves, as to form and content, the notice annexed as Exhibit A (the "Notice") and finds that publication of the Notice substantially in the manner and form set forth in this Order meets the requirements of Federal Rule of Civil Procedure 23.

7. On or before July 11, 2008, notice of the Settlement shall be provided to the public by (a) Class Counsel's publishing the Notice in Business Wire, (b) JPMC's publishing the Notice in the national and local editions of the *Wall Street Journal*, the *New York Times*, and the *Financial Times*, (c) JPMC's including the Notice in a corporate filing with the Securities and Exchange Commission,

---

[1] Plaintiff's counsel in Blau and the Hyland actions will file separate fee and expense applications, as follows: in Blau, for attorneys' fees not to exceed $7.5 million, and, in the Hyland actions, for attorneys' fees not to exceed $3.6 million, or up to $11.1 million in total; (2) in Blau, reimbursement of expenses of up to $415,000, and in the Hyland actions, expenses of up to $20,000, or up to $435,000 in total.

which shall also be posted on JPMC's corporate website; and (d) Class Counsel's posting the Notice in a dedicated section of their respective web sites related to this litigation. Because the Settlement provides an equitable benefit and does not include a common fund, there are no claim forms or exclusion forms to distribute to the members of the Settlement Class. Under the circumstances, the Court finds that the method of providing notice to the Settlement Class under Rule 23(b)(2) is reasonable.

8. JPMC shall bear all costs and expenses related to promulgating notice in the manner set forth above, and Class Representatives and their counsel shall have no responsibility for the dissemination of or the costs and expenses related to such notice, except as to paragraph 7(d) above, which is solely the responsibility of Class Counsel.

9. At or prior to the Final Settlement Hearing, counsel for the parties shall file proof by affidavit or declaration that the Notice has been published and disseminated in accordance with Paragraph 7 (above).

10. If the proposed Settlement is approved, all members of the Settlement Class shall be bound by all determinations, releases, and judgments in these actions concerning the Settlement.

11. Any member of the Settlement Class, with or without counsel, may enter an appearance in the action at his or her own expense. If any member of the Settlement Class does not enter an appearance, he or she will be represented by Class Counsel for purposes of the Settlement.

12. Pending final determination of whether the Settlement shall be approved, all discovery and all proceedings in these actions are stayed, except for proceedings relating to the approval of the Settlement.

13. Any member of the Settlement Class may appear at the Final Settlement Hearing, with or without counsel, and show cause, if any: (a) why the proposed Settlement of these actions

should not be approved as fair, reasonable and adequate; (b) why attorneys' fees should not be awarded and expenses reimbursed in the amounts requested by Class Counsel, or why plaintiff Dr. Stephen Blau should not be awarded costs and expenses in the amount requested; or (c) why judgment should not be entered; *provided, however,* that no member of the Settlement Class or any other person shall be heard or entitled to contest the matters in items (a)-(c) above, unless, by October 1, 2008, that person has served, by hand, first class mail or reputable express carrier upon each of the counsel for the parties to these actions, to wit:

| Jeffrey G. Smith<br>WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP<br>270 Madison Avenue<br>New York, NY 10016<br>(212) 545-4600<br><br>*Counsel for Plaintiff in Blau v. Harrison* | Joseph N. Gielata<br>JOSEPH N. GIELATA<br>ATTORNEY AT LAW<br>501 Silverside Road, No. 90<br>Wilmington, DE 19809<br>(302) 798-1096<br><br>*Counsel for Plaintiffs in Hyland v. Harrison and Hyland v. J.P. Morgan Securities, Inc.* | Sharon L. Nelles<br>SULLIVAN & CROMWELL LLP<br>125 Broad Street<br>New York, NY 10004<br>(212) 558-3712<br><br>*Counsel for Defendants* |
|---|---|---|

and filed with the Clerk of the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, Illinois 60604, the following materials: (i) a notice of intention to appear; (ii) a statement specifying the person's name, address, telephone number, how many shares of JPMC common stock owned on April 2, 2004 and whether such person still owns any such JPMC shares; (iii) a statement of such person's position with respect to the matter is items (a)-(c) above, as well as all documents and writings which such person will ask the Court to consider, and the names of witnesses, if any, the person seeks to present at the Final Settlement Hearing.

14.  Any member of the Settlement Class who does not make his or her objection in the

manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the Settlement, the fees and expenses awarded to Class Counsel, the granting of an award to lead plaintiff Dr. Stephen Blau to recover costs and expenses, or the entry of judgment, unless otherwise allowed by the Court for good cause shown.

15.   Upon the final approval of the Settlement, all members of the Settlement Class shall be barred from asserting any Released Claims, and any such member of the Settlement Class shall be conclusively deemed to have released the Released Parties from any and all such Settled Claims, including Unknown Claims.

16.   Neither the Stipulation, nor any act performed or document executed pursuant to or in furtherance of the Settlement, (a) shall be deemed to be (i) a presumption, concession, or admission by any defendant of any fault, liability, or wrongdoing as to any facts or claims alleged or asserted in these actions, or any other action or proceeding; or (ii) a presumption, concession, or admission by Class Representatives of any lack of merit in any claim of any fault, liability, or wrongdoing as to any facts or claims alleged or asserted in these actions, or any other action or proceeding; and (b) shall not be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any member of the Settlement Class or the parties to these actions, or in any other action or proceeding, except for approval and enforcement of the terms and conditions of the Stipulation.

17.   All papers in support of the Settlement and the Joint Statement of Undisputed and Disputed Fees required by Local Rule 54.3 shall be filed on or before September 16, 2008.

18.   The Court reserves the right to adjourn the date of the Final Settlement Hearing, and to extend any of the deadlines set forth in this Order without further notice to members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

Dated: July 8, 2008

          /s/ David H. Coar
          David H. Coar
          United States District Judge

513293v3