IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE JP MORGAN CHASE & CO. SECURITIES LITIGATION | |
| | MDL No. 1783 |
| This Document Relates to: | Master Docket No. 06 C 4674 |
| *Blau* v. *Harrison, et al.*, No. 04 C 6592 | Judge David H. Coar |
| *Hyland* v. *Harrison, et al.*, No. 06 C 4675 | Magistrate Judge Martin C. Ashman |
| *Hyland* v. *J.P. Morgan Securities, Inc.*, No. 06 C 4676 | |

## J.P. MORGAN CHASE & CO.'S OPPOSITION
## TO COUNSEL'S PROPOSED ORDERS FOR FEES AND EXPENSES

Defendant J.P. Morgan Chase & Co. ("JPMC") respectfully submits this memorandum in opposition to the proposed orders submitted, respectively, by counsel for *Blau* and by counsel for *Hyland* that seek separate lodestar-based awards of counsel fees and expenses for the plaintiff lawyers in the above-captioned actions. Such awards here would be inappropriate and contrary to controlling law. This matter was settled on March 5, 2008, for no monetary recovery, after plaintiffs concluded that "even after exhaustive discovery, including depositions of JPMC's CEO [Jamie Dimon] and ex-CEO [William Harrison], the likelihood of plaintiffs establishing liability is low at best" because of both (i) the "unavailability of independent evidence" to corroborate an unsourced newspaper article on which their cases are premised and (ii) the fact that their

theory of damages posed "nearly insurmountable" problems.[1]  In the face of this

settlement, separate awards to two sets of plaintiffs' counsel compensating them—with a

multiplier—for a claimed total of 16,000 hours pursing a damages case they admit

they cannot prove, is not, by any measure, reasonable.

As set forth more fully in JPMC's Statement on Attorney Fees submitted

to this Court on September 16, 2008, plaintiffs' counsel are entitled, at most, to a

collective fee award that is proportionate to the nominal recovery actually obtained for

the class.  Here, plaintiffs initiated litigation seeking over $7 billion in actual damages,

but failed to recover a single dollar.[2]  Where "a plaintiff has achieved only partial or

limited success, the product of hours reasonably expended on the litigation as a whole

times a reasonable hourly rate may be an excessive amount" in fees.  *Hensley* v.

*Eckerhart*, 461 U.S. 424, 436 (1983).  Indeed, under the law of this Circuit, a recovery

that is "minimal in relation to the amount of damages sought" merits a "low" fee award

and not the "mechanical application of the lodestar approach."  *Simpson* v. *Sheahan*, 104

F.3d 998, 1001 (7th Cir. 1997); *see also Cole* v. *Wodziak*, 169 F.3d 486, 489 (7th Cir.

1999) ("recovering less than 10% of the demand is a good reason to curtail the fee award

substantially"); *TCI* v. *Carpenter*, 849 F. Supp. 326, 327 (N.D. Ill. 1994) (where plaintiff

sought $100,000 in damages but recovered only $400, court awarded $1,260 in fees,

noting that "proper award . . . is one of 'low fees' rather than a mechanical application of

---

[1]     (Pls.' Mem. in Supp. of Final Approval of Settlement at 13-14, dated Sept. 16, 2008.)

[2]     Plaintiffs' own experts cannot quantify a value for the corporate governance procedures provided for in the settlement. *See, e.g.*, Affidavit of James L. Bicksler at ¶14, dated Sept. 15, 2008 ("These positive economic effects are not predictions, but are possible outcomes that may result from the adoption and effective implementation of the Procedures.").

the lodestar approach" and that approach should be followed when assessing reasonable fees awarded "under a contractual provision").

Accordingly, only a single fee and expense award proportionate to the actual recovery obtained is reasonable here. JPMC therefore respectfully requests that the Court enter an order in substantially the same form as the proposed order set forth below.

Dated: February 27, 2009

Of Counsel:

Sharon L. Nelles
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-3712

Nancy E. Schwarzkopf
JPMORGAN CHASE LEGAL DEPARTMENT
1 Chase Manhattan Plaza, 26th Floor
New York, New York 10081
(212) 552-3585

Respectfully submitted,

/s/ Kathleen L. Roach
Kathleen L. Roach
SIDLEY AUSTIN LLP
1 S. Dearborn
Chicago, Illinois 60603
(312) 853-7000

*Counsel for Defendant J.P. Morgan Chase & Co*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE JP MORGAN CHASE & CO.<br>SECURITIES LITIGATION | |
| | MDL No. 1783 |
| This Document Relates to: | Master Docket No. 06 C 4674 |
| *Blau* v. *Harrison, et al.*, No. 04 C 6592 | Judge David H. Coar |
| *Hyland* v. *Harrison, et al.*, No. 06 C 4675 | Magistrate Judge Martin C. Ashman |
| *Hyland* v. *J.P. Morgan Securities, Inc.*,<br>No. 06 C 4676 | |

### [PROPOSED] ORDER

The above-captioned actions were filed on October 13, 2004 (*Blau* v.

*Harrison*), March 17, 2005 (*Hyland* v. *Harrison*), and April 6, 2006 (*Hyland* v. *J.P.*

*Morgan Securities*), respectively, seeking monetary damages from Defendant J.P.

Morgan Chase & Co. for its alleged overpayment of a $7 billion premium in connection

with its merger with Bank One.

On March 5, 2008, plaintiffs agreed to settle these actions for no monetary

award, concluding that "even after exhaustive discovery, including depositions of

JPMC's CEO [Jamie Dimon] and ex-CEO [William Harrison], the likelihood of plaintiffs

establishing liability is low at best." (Pls.' Mem. in Supp. of Final Approval of Settlement

at 13-14, dated Sept. 16, 2008.) Plaintiffs further concluded that their damages theory

faced "nearly insurmountable" problems. (*Id.* at 14.)

On September 16, 2008, counsel for *Blau* moved this Court for an award of attorney fees totaling $7.5 million—comprising a lodestar of $5,133,367 plus a multiplier—and expenses totaling $415,000.

On September 16, 2008, counsel for *Hyland* separately moved this Court for an award of attorney fees totaling $3.6 million—comprising a lodestar of $3,023,707.50 plus a multiplier—and expenses totaling $18,170.94.

Under Seventh Circuit caselaw, a recovery such as this one that is "minimal in relation to the amount of damages sought," merits a "low" fee award rather than a "mechanical application of the lodestar approach." *Simpson* v. *Sheahan*, 104 F.3d 998, 1001 (7th Cir. 1997).

Defendant J.P. Morgan Chase & Co. does not object to a total award of up to $1,000,000 as unreasonable.

Accordingly, the Court, having reviewed and considered the moving papers and the parties' briefs and exhibits thereto, and GOOD CAUSE APPEARING, IT IS HEREBY ORDERED that *Blau* and *Hyland* Counsel are awarded _____ in fees and expenses.


Dated:

                                              _____
                                              David H. Coar
                                              United States District Judge