

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE JP MORGAN CHASE & CO. SECURITIES LITIGATION<br><br>This Document Relates to:<br><br>*Blau v. Harrison, et al.*, No. 04 C 6592<br><br>*Hyland v. Harrison, et al.*, No. 06 C 4675<br><br>*Hyland v. J.P. Morgan Securities, Inc.*, No. 06 C 4676 | MDL No. 1783<br><br>Master Docket No. 06 C 4674<br><br>Judge David H. Coar<br><br>Magistrate Judge Martin C. Ashman |

## ORDER AND FINAL JUDGMENT

WHEREAS, on March 5, 2008, the parties, by and through their respective counsel, executed a Stipulation of Settlement (the "Stipulation") to provide for the settlement (the "Settlement") of the above-captioned actions;

WHEREAS, on July 8, 2008, the Court entered an order (the "Preliminary Approval Order") (a) preliminarily certifying a Settlement class consisting of all holders of the stock of JP Morgan Chase & Co. ("JPMC") on April 2, 2004, the record date for voting on the merger ("Merger") between JPMC and Bank One Corporation ("Bank One"), pursuant to Federal Rule of Civil Procedure 23(b)(2) (the "Settlement Class"); (b) preliminarily approving the Settlement as fair, reasonable and adequate as to the members of the Settlement Class; and (c) approving a form of notice (the "Notice") to be provided in the manner specified in the Preliminary Approval Order;

WHEREAS, notice was disseminated to the Settlement Class in accordance with the Preliminary Approval Order by: (a) Class Counsel publishing the Notice in Business Wire; (b) JPMC publishing the Notice as a quarter-page advertisement in the national and local editions of

the *Wall Street Journal*, the *New York Times*, and the *Financial Times*; (c) JPMC including the same or substantially the same notice in a corporate filing with the Securities and Exchange Commission, which was also posted on JPMC's corporate website; and (d) Class Counsel posting the Notice in a dedicated section of their respective web sites related to this litigation;

WHEREAS, the Court held hearings to consider the final approval of the Settlement on December 30, 2008, August 19, 2009 and September 9, 2009 at which all interested persons were given an opportunity to be heard with respect to the Settlement;

WHEREAS, the Court has considered all papers filed and the proceedings held in connection with the Settlement,

**GOOD CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED** that:

1. This Order incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and all parties to the Action including all members of the Class.

3. Solely for purposes of this Settlement, the Court finds that each of the provisions of Rule 23(a) of the Federal Rules of Civil Procedure has been satisfied and the Action has been properly maintained according to the provisions of Rule 23(b) of the Federal Rules of Civil Procedure. Specifically, based on the record in the Action, and solely for the purposes of this Settlement, this Court finds that: (1) the members of the Class, as defined in the Stipulation and the Preliminary Approval Order, are so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the Class and such questions predominate over questions solely affecting individual class members; (3) the claims of the representative

plaintiffs are typical of the claims of the Class; (4) the representative plaintiffs have fairly and adequately protected the interests of the Class; (5) the prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications or adjudications that would be dispositive of the interests of other non-party Class members and a class action is superior to other available methods for the fair and efficient adjudication of the controversy; (6) certification of the Settlement Class as a non-opt-out settlement class under Federal Rule of Civil Procedure 23(b)(2) is appropriate; and (7) Defendants have acted or refused to act on grounds generally applicable to the Class.

4. Accordingly, solely for purposes of this Settlement, the Action is hereby certified as a class action pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure on behalf of a Class consisting of all holders of the stock of JPMorgan Chase & Co. on April 2, 2004 and lead plaintiffs in *Blau v. Harrison*, No. 04 C 6592 (N.D. Ill.) (Coar, J.) and in the consolidated *Hyland* actions, Nos. 06 C 4675 and 06 C 4676 (N.D. Ill.) (Coar, J.), are appointed as Class Representatives and lead counsel in the *Blau* and *Hyland* actions are appointed Class Counsel.

5. The form and manner of Notice is hereby determined to have been appropriate notice under the circumstances and to have been given in full compliance with Rule 23 of the Federal Rules of Civil Procedure.

6. The Court finds the Settlement to be fair, reasonable, adequate, and in the best interests of the Class. Accordingly, the Settlement is approved and shall be consummated in accordance with its terms and conditions.

7. This Court retains jurisdiction for the purpose of entering any orders providing for enforcing the terms of the Settlement, and to adjudicate all matters relating to the

interpretation and implementation of the Stipulation.

8. The above-captioned actions are dismissed in their entirety on the merits with prejudice, without costs to any party as against any other party, except as provided in the Stipulation.

9. The "Releasing Parties" (as defined in paragraph 1(i) of the Stipulation) are hereby deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished, settled, discharged and dismissed with prejudice the "Released Claims" (as defined in paragraph 1(h) of the Stipulation), specifically including the "Unknown Claims" (as defined in paragraph 1(k) of the Stipulation) against the "Released Parties" (as defined in paragraph 1(g) of the Stipulation).

10. The releases shall extend to all claims that the Releasing Parties do not know or suspect to exist at the time of the release, which if known, might have affected the Releasing Parties decision to enter into the release. The Class Representatives, each member of the Settlement Class, and defendants have waived any and all provisions, rights, and benefits conferred by any law of the United States, or principle of common law, which governs or limits a person's release of unknown claims. The Class Representatives, each member of the Settlement Class, and defendants have relinquished, to the full extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code which provides:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR."

In addition, the Class Representatives, each member of the Settlement Class, and Defendants, also have waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code Section 1542. The Class Representatives, for themselves and on behalf of the Settlement Class, have acknowledged that Settlement Class Members may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention, for themselves and on behalf of the Settlement Class, to fully, finally, and forever settle and release any and all claims released hereby, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts. The Class Representatives have acknowledged, and the members of the Settlement Class shall be deemed to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

11.  Each of the defendants, and each of the Released Parties, shall be deemed to have completely discharged, settled, dismissed with prejudice on the merits, and released the Releasing Parties and Class Counsel of and from any claims arising from or based upon the Released Claims or these actions, except claims to enforce the terms and conditions contained in the Stipulation.

12.  All members of the Settlement Class are permanently barred and enjoined from prosecuting, either directly or in any other capacity, any Released Claims against any of the Released Parties.

13.  The Stipulation of Settlement, its terms or provisions, the negotiations leading to

it, and the proceedings connected with it, (a) shall not be deemed to be (*i*) a presumption, concession, or admission by any defendant of any fault, liability, or wrongdoing as to any facts or claims alleged or asserted in the action, or any other action or proceeding; or (*ii*) a presumption, concession, or admission by plaintiffs of any lack of merit in any claim of any fault, liability, or wrongdoing as to any facts or claims alleged or asserted in the action, or any other action or proceeding; and (b) shall not be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any Settlement Class Member or the parties to the action or in any other action or proceeding, whether civil, criminal, or administrative, except for purposes of enforcement of the terms and conditions of the Stipulation, this Order and Final Judgment, and the Settlement contemplated hereby.

14. Any award of attorneys' fees and expenses, including any expense award under 15 U.S.C. § 78u-4(a)(4), shall be paid by defendants to Plaintiffs' counsel in accordance with the separately entered judgment(s) for fees and expenses within seven business days of the date after which no appeals may be taken in this matter.

15. In the event that this Judgment does not become final or the Settlement does not become effective or is canceled or terminated in accordance with the terms and provisions of the Stipulation, then this Judgment shall be rendered null and void and be vacated, and all orders entered in connection therewith by this Court shall be rendered null and void and the Releasing Parties shall be deemed to have reverted to their respective status prior to the execution of the Stipulation, and they shall proceed in all respects as if the Stipulation had not been executed and the related orders had not been entered, preserving in that event all of their respective claims and defenses in the above-captioned actions.

16. In the event that the Board of JPMC elects to alter or terminate the Corporate Governance Agreed Procedures pursuant to ¶ 3(b) of the Stipulation, JPMC shall provide notice

disclosing such action to JPMC shareholders at least thirty (30) days prior to effectuating any change by posting said notice on JPMC's corporate website and filing a copy of said notice with the SEC via Form 8-K.

17. The PSLRA requires that "[i]n any private action arising under this title, upon final adjudication of the action, the court shall include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion." The Court finds that, during the course of the above-captioned actions, each party and each attorney representing a party has complied with and has conducted him or herself in accordance with Rule 11 of the Federal Rules of Civil Procedure.

18. The Court finds there is no just reason to delay the entry of this Order and Final Judgment and directs that it be entered as final in accordance with Federal Rule of Civil Procedure 54(b).

Dated: February 24, 2010

_____
David H. Coar
Senior United States District Judge