

# FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE JP MORGAN CHASE & CO. SECURITIES LITIGATION<br><br>This Document Relates to:<br><br>*Blau v. Harrison, et al.*, No. 04 C 6592<br><br>*Hyland v. Harrison, et al.*, No. 06 C 4675<br><br>*Hyland v. J.P. Morgan Securities, Inc.*, No. 06 C 4676 | MDL No. 1783<br><br>Master Docket No. 06 C 4674<br><br>Judge David H. Coar<br><br>Magistrate Judge Martin C. Ashman |

## ORDER AND STIPULATION
## REGARDING FEES AND EXPENSES

WHEREAS, on March 5, 2008, plaintiffs in *Blau v. Harrison* and *Hyland v. Harrison* and *Hyland v. J.P. Morgan Securities, Inc.* (the "*Hyland* Actions") and defendants, by and through their respective counsel, entered into a stipulation of settlement (the "Settlement Stipulation") to provide for the settlement of the above-captioned actions;

WHEREAS, in the Settlement Stipulation, JPMC agreed that it "will pay reasonable attorneys' fees and expenses as awarded by the Court;"

WHEREAS, by minute order dated October 15, 2008, the motion of Patrick J. Sherlock (the "Intervenor") to intervene in these actions was granted (D.E. 291);

WHEREAS, on June 30, 2009, plaintiffs' counsel in *Blau* made a motion for an award of attorneys' fees, reimbursement of expenses, and a lead plaintiff award to reimburse Dr. Stephen Blau for his costs and expenses pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(4) ("*Blau* Fee and Expense Motion") (D.E. 325);

WHEREAS, on June 30, 2009, plaintiffs' counsel in the *Hyland* Actions made a motion for attorneys' fees and reimbursable expenses ("*Hyland* Fee and Expense Motion") (D.E. 323);

WHEREAS, on September 18, 2009, counsel for Intervenor made a motion for attorneys' fees, reimbursement of expenses and Intervenor award (the "Intervenor's Fee and Expense Motion" D.E. 340) (together with the *Blau* Fee and Expense Motion, the *Hyland* Fee and Expense Motion, the "Fee end Expense Motions");

WHEREAS, on February 24, 2010, the Court entered an Order and Final Judgment (the "Final Judgment") finally approving the settlement of these actions and dismissing the actions on the merits with prejudice (D.E. 364);

WHEREAS, JPMC opposed the Fee and Expense Motions;

WHEREAS, on May 19, 2010, the Court, pursuant to Local Rule 72.1, referred the actions to Magistrate Judge Martin C. Ashman for the purpose of holding a settlement conference with respect to the parties' disagreement over the reasonableness of the amount of fees and expenses sought in the Fee and Expense Motions;

WHEREAS, on June 14, 2010, counsel for all parties participated in a settlement conference before Magistrate Judge Ashman at which they reached agreement on the amounts of reasonable attorneys' fees and expenses to be paid under the Fee and Expense Motions;

**NOW, THEREFORE,** in consideration of the mutual promises and recitals contained herein, and other good and valuable consideration, the sufficiency of which is hereby acknowledged,

**IT IS HEREBY STIPULATED AND AGREED,** by and among counsel for the parties, as follows:

1. JPMC shall pay to plaintiff's counsel in *Blau v. Harrison* the sum of $2,175,000 in attorneys' fees and expenses, which includes attorneys' fees in the amount of $1,707,559, expenses in the amount of $464,746, and the lead plaintiff award sought by Dr. Stephen Blau in the amount of $2,695, in full satisfaction of the fees and expenses sought in the *Blau* Fee and Expense Motion.

2. JPMC shall pay to plaintiffs' counsel in the *Hyland* Actions the sum of $750,000 in attorneys' fees and expenses, which includes attorneys' fees in the amount of $731,830 and expenses in the amount of $18,130, in full satisfaction of the fees and expenses sought in the *Hyland* Fee and Expense Motion.

3. JPMC shall pay to counsel for the Intervenor the sum of $50,000 in full satisfaction of the fees and expenses sought in the Intervenor's Fee and Expense Motion.

4. The amounts set forth above shall be paid to counsel as provided in paragraph 14 of the Final Judgment, i.e., within seven business days of the date after which no appeals may be taken in this matter.

5. Upon approval and entry by the Court, this Order and Stipulation constitutes the "separately entered judgment(s) for fees and expenses" referenced in paragraph 14 of the Final Judgment.

6. If approved, the parties to this Stipulation shall not appeal the amounts to be paid under the Fee Motions.

Dated: June 17, 2010

_____
Jeffrey G. Smith
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
270 Madison Avenue

New York, New York 10016
(212) 545-4600

*Counsel for Plaintiff Stephen Blau*

Joseph N. Gielata
Attorney at Law
501 Silverside Road, No. 90
Wilmington, Delaware 19809
(302) 507-4400

*Counsel for Plaintiffs Samuel Hyland and Stephanie Speakman*

Thomas C. Cronin
CRONIN & CO., LTD.
77 West Wacker Dr., Suite 4800
Chicago, IL 60601

*Counsel for Intervenor, Patrick Sherlock*

Sharon L. Nelles
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

*Counsel for Defendants*

Kathleen L. Roach
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603

*Counsel for Defendants*

**SO ORDERED**

Date: June ___, 2010

David H. Coar
Senior United States District Judge

579703

New York, New York 10016
(212) 545-4600

*Counsel for Plaintiff Stephen Blau*

Joseph N. Gielata
Attorney at Law
501 Silverside Road, No. 90
Wilmington, Delaware 19809
(302) 507-4400

*Counsel for Plaintiffs Samuel Hyland and Stephanie Speakman*

Thomas C. Cronin
CRONIN & CO., LTD.
77 West Wacker Dr., Suite 4800
Chicago, IL 60601

*Counsel for Intervenor, Patrick Sherlock*

Sharon L. Nelles
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

*Counsel for Defendants*

Kathleen L. Roach
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603

*Counsel for Defendants*

**SO ORDERED**

Date: June 21, 2010

6-21-2010

David H. Coar
Senior United States District Judge

579703